```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
ANDY RIVERA-RODRIGUEZ,         )
                               )
          Petitioner           )
                               ) Civil Action
     v.                        ) No. 13-cv-04299
                               )
SUPERINTENDENT WENEROWICZ      )
  S.C.I. Graterford;           )
KATHLEEN KANE,                 )
  Attorney General of the      )
  State of Pennsylvania; and   )
DISTRICT ATTORNEY OF           )
LANCASTER COUNTY,              )
                               )
          Respondents          )
```

O R D E R

NOW, this 21st day of April, 2016, upon consideration of the following documents:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by petitioner pro se on July 24, 2013 ("Habeas Petition") (Document 1-1);

(2) Respondent District Attorney of Lancaster County's Answer to Petition for Writ of Habeas Corpus, which answer was filed November 21, 2013 (Document 9);

(3) Memorandum of Law in Support of Dismissal of the Writ Based on Expiration of the Statute of Limitations, which memorandum was filed September 18, 2014 (Document 13);

(4) Memorandum of Law in Support of Petition for Writ of Habeas Corpus, which memorandum of law was filed under seal on March 20, 2015 (Document 22); together with

   (a) Appendix to Petitioner's Memorandum of Law, which appendix was filed March 20, 2015 (Document 21); and

   (b) Sealed Appendix to Petitioner's Memorandum of Law, which appendix was filed under seal on March 20, 2015 ("Sealed Appendix") (Document 23);

(5)   Supplemental Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus, which supplemental memorandum was filed May 7, 2015 (Document 28);

(6)   Petitioner's Response to Respondents' Supplemental Memorandum of Law, which response was filed June 8, 2015 (Document 31); together with

   (a)   Affidavit of Waldermar Rosario ("Rosario Affidavit") (Document 31-1);

(7)   Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated February 22, 2016 and filed February 23, 2016 ("R&R") (Document 49);

(8)   Respondent's Objection to Report and Recommendation with Respect to Equitable Tolling, which Objection was filed March 2, 2016 ("Respondents' Objection") (Document 51); and

(9)   Petitioner's Objections to Report and Recommendation, which Objections were filed April 7, 2016 ("Petitioner's Objections") (Document 55);

it appearing, after de novo review of this matter,[1] that the Report and Recommendation of Magistrate Judge Hey correctly

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Id.

determined the pertinent legal and factual issues presented in the Habeas Petition,

<u>IT IS ORDERED</u> that Respondents' Objection to the Report and Recommendation of Magistrate Judge Hey is overruled.[2]

---

[2] Respondents object to Magistrate Judge Hey's conclusion that extraordinary circumstances warrant equitable tolling. As discussed below, I find that Magistrate Judge Hey correctly determined this issue.

Magistrate Judge Hey found that petitioner's Habeas Petition was filed 119 days beyond the statute of limitations, which neither party disputes. She also concluded that petitioner is entitled to equitable tolling based on her finding that his "mental condition is an extraordinary circumstance that affected his ability to file a timely habeas petition." R&R at 22, 26.

The United States Court of Appeals for the Third Circuit has held that "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" <u>Miller v. New Jersey State Department of Corrections</u>, 145 F.3d 616, 618-619 (3d Cir. 1998) (quoting <u>Shendock v. Director, Office of Workers' Compensation Programs</u>, 893 F.2d 1458, 1462 (3d Cir. 1990) (en banc), and <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380 (3d Cir. 1994)) (internal citations omitted).

"A prisoner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Jenkins v. Superintendent of Laurel Highlands</u>, 705 F.3d 80, 89 (3d Cir. 2013) (quoting <u>Holland v. Florida</u>, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130, 145 (2010)) (internal quotation marks omitted).

The Third Circuit has held that mental incompetence is not a per se basis for tolling a statute of limitations, but that equitable tolling is justified where "mental incompetency . . . somehow . . . affected the petitioner's ability to file a timely habeas petition." <u>Nara v. Frank</u>, 264 F.3d 310 (3d Cir. 2001), overruled on other grounds by <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); see also <u>Merritt v. Blaine</u>, 326 F.3d 157, 166 (3d Cir. 2003) (recognizing overruling by <u>Carey</u> on other grounds).

Respondents' Objection is based primarily on the argument that the circumstances of the present case are factually distinguishable from those in one of the cases on which Magistrate Judge Hey relied, <u>Graham v. Kyler</u>, No. 01-cv-01997, 2002 WL 32149019 (E.D.Pa. 2002) (Giles, Chief J.). Respondents emphasize that the petitioner in <u>Graham</u> suffered not only from cognitive impairments, but also serious psychological impairments. Respondents observe that although petitioner here is cognitively impaired,

(<u>Footnote 2 continued</u>):

IT IS FURTHER ORDERED that Petitioner's Objections to the Report and Recommendation of Magistrate Judge Hey are overruled.[3]

---

(Continuation of footnote 2):

his only psychological impairment during the relevant time was mild anxiety.

However, as the court in Graham noted, "a determination of mental incompetence which has affected the ability to make a timely filing under AEDPA must be premised on the totality of the petitioner's circumstances. Psychiatric diagnoses have no significance independent of their effects and effects cannot be assessed in a vacuum." Id. at *4. Accordingly, the fact that petitioner does not suffer from the exact same impairments as the petitioner in Graham is not dispositive. Magistrate Judge Hey appropriately examined the effect of petitioner's impairments on his ability to file a timely petition.

Moreover, petitioner here suffers from some cognitive deficiencies that the petitioner in Graham did not exhibit. For example, English is petitioner's second language and he cannot read or write proficiently in either English or his native Spanish.

Additionally, it is significant that one of the attributes of petitioner's cognitive deficiencies is his inability to appreciate time and urgency. This trait was noted both by Antolin Llorente, Ph.D., who examined petitioner, and Waldemar Rosario, a fellow inmate who helped petitioner with his Habeas Petition and repeatedly stressed to him the importance of filing the petition quickly. See Sealed Appendix at pages 43-62; Affidavit of Rosario.

Magistrate Judge Hey also considered other evidence cited by respondents in support of their argument that petitioner was capable of filing a timely habeas petition. Moreover, she properly weighed the evidence of petitioner's diligence in pursuing his claims. For substantially the same reasons expressed by Magistrate Judge Hey, I find that equitable tolling is appropriate here.

[3] Petitioner objects to Magistrate Judge Hey's conclusion that his trial counsel was not ineffective for waiving his right to a jury trial in exchange for the Commonwealth agreeing not to seek the death penalty. Petitioner argues that this strategy was not reasonable because he was not eligible for the death penalty pursuant to Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), because he is intellectually disabled.

To prevail on a claim of ineffectiveness of counsel, petitioner must demonstrate that: (1) "counsel's performance was deficient", and (2) "the deficient performance prejudiced the defense". Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

(Footnote 3 continued):

<u>IT IS FURTHER ORDERED</u> that the Report and Recommendation of Magistrate Judge Hey is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

<u>IT IS FURTHER ORDERED</u> that petitioner is granted a certificate of appealability regarding his claim of ineffectiveness of counsel as to the waiver of his right to a jury trial.

---

(<u>Continuation of footnote 3</u>):

To establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u>  To establish prejudice, petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id.</u>

For substantially the same reasons expressed by Magistrate Judge Hey, I agree that petitioner's trial counsel was not ineffective given the legal uncertainty regarding the definition of "mental retardation" in Pennsylvania at the time of respondent's trial and conviction in January 2005.  As noted by Magistrate Judge Hey, the Pennsylvania Supreme Court did not define "mental retardation", or intellectual disability as that term is now known, until December 2005.  <u>See</u> <u>Commonwealth v. Miller</u>, 888 A.2d 624 (Pa. 2005).

Furthermore, despite petitioner's low IQ, there is evidence that he possesses some adaptive skills, which would weigh against a finding of intellectual disability.  Additionally, trial counsel made its agreement with the Commonwealth after its intellectual disability argument failed at a hearing regarding petitioner's motion to suppress statements made to police.  This could appropriately caution a reasonable attorney from relying on a similar argument in avoiding the death penalty.

Because petitioner failed to establish that his trial counsel was deficient, Magistrate Judge Hey correctly concluded that it is not necessary to address whether petitioner was prejudiced by his counsel's performance. <u>See</u> <u>Strickland</u>, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge